IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| STATE OF TENNESSEE, STATE OF ALABAMA, STATE OF ALASKA, STATE OF ARKANSAS, STATE OF GEORGIA, STATE OF INDIANA, STATE OF IOWA, STATE OF KANSAS, COMMONWEALTH OF KENTUCKY, STATE OF MISSISSIPPI, STATE OF MISSOURI, STATE OF NEBRASKA, STATE OF OHIO, STATE OF SOUTH CAROLINA, STATE OF SOUTH DAKOTA, STATE OF UTAH, COMMONWEALTH OF VIRGINIA, STATE OF WEST VIRGINIA,<br><br>    *Plaintiffs*,<br><br>v.<br><br>EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; CHARLOTTE A. BURROWS, in her official capacity as Chair of the Equal Employment Opportunity Commission; UNITED STATES DEPARTMENT OF JUSTICE; MERRICK B. GARLAND, in his official capacity as Attorney General of the United States; and KRISTEN CLARKE, in her official capacity as Assistant Attorney General for Civil Rights at the United States Department of Justice,<br><br>    *Defendants*. | Civil Action No. 3:24-cv-00224<br>Judge Charles E. Atchley, Jr.<br>Magistrate Judge Debra C. Poplin |

**PLAINTIFFS' MOTION FOR A § 705 STAY AND PRELIMINARY INJUNCTION**

The Plaintiff States challenge the Equal Employment Opportunity Commission's ("EEOC") "Enforcement Guidance on Harassment in the Workplace" ("Enforcement Document"). *See* Dkt. #1-2. Just like the prior EEOC guidance that this Court enjoined in *Tennessee v. U.S. Dep't of Educ.*, 615 F. Supp. 3d 807 (E.D. Tenn. 2022), the Enforcement Document directs all employers that failing to accommodate an employee's self-professed gender identity—in areas ranging from preferred

1

pronouns to private changing spaces—violates Title VII. And the Enforcement Document does not make employers liable only for *employees* who do not toe the gender-ideology line. If, for example, a female customer declines to share a bathroom with a biological male employee, the Enforcement Document would require the employer to take "corrective action" against that *customer* or risk liability under Title VII. The resulting regime is a revolutionary reordering of the workplace under threat of severe sanctions that will adversely impact workplace morale, employers' relationships with their employees, and businesses' relationships with their customers. The Plaintiff States now seek relief from the Enforcement Document's gender-identity-accommodation mandates, which are already in effect and inflicting irreparable harm on the Plaintiff States and other employers.

Relief is warranted. *First*, the Plaintiff States are likely to prevail in their challenge because EEOC's Enforcement Document has no basis in Title VII, exceeds EEOC's statutory authority, conflicts with the U.S. Constitution, and flunks the requirements of the Administrative Procedure Act ("APA"). Nothing in Title VII punishes employers for maintaining sex-segregated policies that recognize the "genuine but innocuous differences in the ways men and women routinely interact with members of the same sex and of the opposite sex." *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 81 (1998). Indeed, such policies—like sex-segregated restrooms—are not discriminatory because they treat similarly situated individuals the same: all men must use male facilities, and all women must use female facilities, and all facilities are generally equal. *Bostock v. Clayton County* does not say differently, as there the Court expressly declined to "prejudge" how its decision about terminating a transgender employee would apply to issues like "bathrooms, locker rooms, … dress codes[,] … or anything else of the kind." 590 U.S. 644, 681 (2020). Nor has EEOC identified any other precedent that would require its warped understanding of Title VII. And even if EEOC could find support for its gender-identity-accommodation mandates, it is without statutory authority to promulgate substantive rules like the Enforcement Document.

The Enforcement Document also transgresses constitutional limits under Section 5 of the Fourteenth Amendment by imposing liability on States that is "so out of proportion to a supposed remedial or preventive object that it cannot be understood as responsive to, or designed to prevent, unconstitutional behavior." *City of Boerne v. Flores*, 521 U.S. 507, 532 (1997). Moreover, compelling adherence to EEOC's preferred gender-ideology viewpoint infringes bedrock First Amendment speech and religious-freedom rights. EEOC's refusal to consider "important aspects" of the regime imposed by the Enforcement Document also fails baseline administrative-law requirements for reasoned decision-making. Any one of those legal flaws independently warrants vacating the Enforcement Document.

*Second*, allowing the Enforcement Document to remain effective during the course of the litigation would inflict multiple irreparable harms on the Plaintiff States. In the absence of interim relief, the Enforcement Document will impose unrecoverable compliance costs and require compliance with rules that conflict with States' duly enacted laws protecting privacy and safety, in derogation of State sovereignty. Plaintiff States have already begun to incur these compliance costs, and those costs will balloon as the States take additional steps to revise policies, conduct trainings, and incur other expenses to comply with the Enforcement Document.

*Third* and *fourth*, the requested preliminary relief would not harm EEOC and, if anything, furthers the public interest. EEOC cannot credibly claim to be harmed by maintaining the status quo and enforcing actual violations of Title VII's non-discrimination provisions, while allowing businesses to maintain sex-separated spaces. The public interest is also served by allowing the Plaintiff States to continue enforcing their duly enacted laws aimed at protecting safety and privacy. Conversely, the public has no interest in seeing EEOC's unlawful gender-identity-accommodation mandates put in place, as "the public interest lies in a *correct* application" of the law. *Coal. to Def. Affirmative Action v. Granholm*, 473 F.3d 237, 252 (6th Cir. 2006) (emphasis added).

3

The Plaintiff States move for preliminary relief under the APA, 5 U.S.C. § 705, which allows courts to grant interim relief from a challenged rule pending judicial review, as well as under Federal Rule of Civil Procedure 65. Specifically, the Plaintiff States request entry of an order:

a) Declaring the Enforcement Document unlawful under Title VII, the APA and the U.S. Constitution;

b) Staying the effectiveness of EEOC's Enforcement Document under 5 U.S.C. § 705, and thus denying it legally operative effect, during the pendency of these proceedings;

c) Preliminarily enjoining Defendants, and any other agency or employee of the United States, from enforcing, relying on, implementing, or otherwise acting pursuant to the Enforcement Document's challenged provisions; and

d) Granting any and all other preliminary relief the Court deems just and proper.

The Plaintiff States further request that this Court exercise its discretion to waive the security requirement of Federal Rule of Civil Procedure 65(c). No security requirement attends a stay under 5 U.S.C. § 705.

Dated: May 31, 2024
Respectfully submitted,

*/s/ Steven J. Griffin*
WHITNEY HERMANDORFER
Director of Strategic Litigation
STEVEN J. GRIFFIN
Senior Counsel for Strategic Litigation
HARRISON GRAY KILGORE*
Strategic Litigation Counsel
Office of the Tennessee Attorney General
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-8726
Whitney.Hermandorfer@ag.tn.gov
Steven.Griffin@ag.tn.gov
Harrison.Kilgore@ag.tn.gov
*Application for admission pending*
*Counsel for Plaintiff the State of Tennessee*

| | |
|---|---|
| STEVE MARSHALL<br>  Attorney General<br><br>/s/ *Edmund G. LaCour, Jr.*<br>EDMUND G. LACOUR, JR.*<br>  Solicitor General<br>OFFICE OF THE ALABAMA<br>ATTORNEY GENERAL<br>501 Washington Avenue<br>P.O. Box 300152<br>Montgomery, AL 36130<br>(334) 242-7300<br>Edmund.LaCour@AlabamaAG.gov<br>*Counsel for Plaintiff State of Alabama* | TREG TAYLOR<br>  Attorney General<br><br>/s/ *Cori Mills*<br>CORI MILLS***<br>  Deputy Attorney General, Civil Division<br>OFFICE OF THE ALASKA ATTORNEY GENERAL<br>Alaska Department of Law<br>1031 West 4th Avenue, Suite 200<br>Anchorage, AK 99501<br>(907) 465-2132<br>Cori.Mills@alaska.gov<br>*Counsel for Plaintiff State of Alaska* |
| TIM GRIFFIN<br>  Attorney General<br><br>/s/ *Nicholas J. Bronni*<br>NICHOLAS J. BRONNI*<br>  Solicitor General<br>OFFICE OF THE ARKANSAS<br>  ATTORNEY GENERAL<br>323 Center Street, Suite 200<br>Little Rock, Arkansas 72201<br>(501) 682-6302<br>Nicholas.Bronni@arkansasag.gov<br>*Counsel for Plaintiff State of Arkansas* | CHRISTOPHER CARR<br>  Attorney General<br><br>/s/ *Stephen Petrany*<br>STEPHEN PETRANY*<br>  Solicitor General<br>OFFICE OF THE ATTORNEY GENERAL OF GEORGIA<br>Georgia Department of Law<br>40 Capitol Square SW<br>Atlanta, Georgia 30334<br>(404) 458-3408<br>Spetrany@law.ga.gov<br>*Counsel for Plaintiff State of Georgia* |
| THEODORE E. ROKITA<br>  Attorney General<br><br>/s/ *James A. Barta*<br>JAMES A. BARTA*<br>  Solicitor General<br>OFFICE OF THE ATTORNEY GENERAL OF INDIANA<br>IGC South, Fifth Floor<br>302 W. Washington St.<br>Indianapolis, Indiana 46204<br>(317) 232-0709<br>James.Barta@atg.in.gov<br>*Counsel for Plaintiff State of Indiana* | BRENNA BIRD<br>  Attorney General<br><br>/s/ *Eric H. Wessan*<br>ERIC H. WESSAN***<br>  Solicitor General<br>OFFICE OF THE IOWA ATTORNEY GENERAL<br>1305 E. Walnut Street<br>Des Moines, Iowa 50319<br>(515) 281-5164<br>Eric.Wessan@ag.iowa.gov<br>*Counsel for Plaintiff State of Iowa* |

KRIS W. KOBACH
   Attorney General

/s/ *Abhishek Kambli*
ABHISHEK KAMBLI\*\*\*
   Deputy Attorney General
OFFICE OF THE KANSAS ATTORNEY GENERAL
120 SW 10th Ave.
Topeka, KS 66612
(785) 296-7109
Abhishek.Kambli@ag.ks.gov
*Counsel for Plaintiff State of Kansas*

RUSSELL COLEMAN
   Attorney General

/s/ *Justin D. Clark*
JUSTIN D. CLARK\*\*
   Civil Chief
AARON SILLETTO\*\*
   Executive Director, Office of Civil and Environmental
KENTUCKY OFFICE OF THE ATTORNEY GENERAL
700 Capital Avenue, Suite 118
Frankfort, Kentucky 40601
(502) 696-5300
Justind.Clark@ky.gov
Aaron.Silletto@ky.gov
*Counsel for Plaintiff Commonwealth of Kentucky*

LYNN FITCH
   Attorney General

/s/ *Justin L. Matheny*
Justin L. Matheny\*
   Deputy Solicitor General
OFFICE OF THE MISSISSIPPI ATTORNEY GENERAL
P.O. Box 220
Jackson, MS 39205-0220
(601) 359-3825
Justin.Matheny@ago.ms.gov
*Counsel for Plaintiff State of Mississippi*

ANDREW BAILEY
   Attorney General

/s/ *Joshua M. Divine*
JOSHUA M. DIVINE\*
   Solicitor General
MISSOURI ATTORNEY GENERAL'S OFFICE
Post Office Box 899
Jefferson City, MO 65102
Tel. (573) 751-1800
josh.divine@ago.mo.gov
*Counsel for Plaintiff State of Missouri*

MICHAEL T. HILGERS
   Attorney General

/s/ *Lincoln J. Korell*
LINCOLN J. KORELL\*\*
   Assistant Solicitor General
OFFICE OF THE ATTORNEY GENERAL OF NEBRASKA
2115 State Capitol
Lincoln, Nebraska 68509
(402) 471-2682
lincoln.korell@nebraska.gov
*Counsel for Plaintiff State of Nebraska*

DAVE YOST
   Attorney General

/s/ *T. Elliot Gaiser*
T. ELLIOT GAISER\*
   Solicitor General
OFFICE OF THE OHIO ATTORNEY GENERAL
30 East Broad Street, 17th Floor
Columbus, Ohio 43215
(614) 466-8980
thomas.gaiser@ohioago.gov
*Counsel for the State of Ohio*

<div style="display: flex;">
<div>

ALAN WILSON
   Attorney General

/s/ *Thomas T. Hydrick*
THOMAS T. HYDRICK**
   Assistant Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL
OF SOUTH CAROLINA
1000 Assembly Street
Columbia, SC 29201
(803) 734-4127
Thomashydrick@scag.gov
*Counsel for Plaintiff State of South Carolina*


SEAN REYES
   Attorney General

/s/ *Stanford Purser*
STANFORD PURSER***
   Deputy Solicitor General
UTAH ATTORNEY GENERAL'S OFFICE
160 East 300 South, 6th floor
PO Box 140856
Salt Lake City, UT 84114-0856
(801) 366-0100
Spurser@agutah.gov
*Counsel for Plaintiff State of Utah*
PATRICK MORRISEY
   Attorney General

/s/ *Michael R. Williams*
MICHAEL R. WILLIAMS*
   Principal Deputy Attorney General
OFFICE OF THE WEST VIRGINIA ATTORNEY GENERAL
State Capitol Complex
Building 1, Room E-26
Charleston, WV 25305
(304) 558-2021
Michael.R.Williams@wvago.gov
*Counsel for Plaintiff State of West Virginia*

</div>
<div>

MARTY J. JACKLEY
   Attorney General

/s/ *Grant M. Flynn*
GRANT M. FLYNN***
   Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
STATE OF SOUTH DAKOTA
1302 E. Hwy. 14, Suite #1
Pierre, SD 57501
(605) 773-3215
Grant.Flynn@state.sd.us
*Counsel for Plaintiff State of South Dakota*


JASON S. MIYARES
   Attorney General

/s/ *Kevin M. Gallagher*
KEVIN M. GALLAGHER**
   Principal Deputy Solicitor General
VIRGINIA ATTORNEY GENERAL'S OFFICE
202 North 9th Street
Richmond, Virginia 23219
(805) 786-2071
kgallagher@oag.state.va.us
*Counsel for the Commonwealth of Virgini*



**\*   Admitted Pro Hac Vice**

**\*\* Pro Hac Vice Application Pending**

**\*\*\* Pro Hac Vice Application Forthcoming**

</div>
</div>

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served via the Court's electronic filing system on this 31st day of May, 2024 to all counsel of record. The document was further served via email on the following, who have represented themselves to the undersigned as counsel for Defendants in this matter.

**Jacob S. Siler**
**Allyson R. Scher**
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
1100 L Street, NW
Washington, DC 20005
(202) 353-4556
jacob.s.siler@usdoj.gov
allyson.r.scher@usdoj.gov

*Counsel for Defendants*

                                        */s/ Steven J. Griffin*
                                        STEVEN J. GRIFFIN
                                        Office of the Tennessee Attorney General
                                        P.O. Box 20207
                                        Nashville, Tennessee 37202
                                        steven.griffin@ag.tn.gov

                                        *Counsel for Plaintiff State of Tennessee*