# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| STATE OF TENNESSEE, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | Case No. 3:24-cv-224 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, *et al.*, | ) | Magistrate Judge Poplin |
| | ) | |
| *Defendants*. | ) | |

## **ORDER**

Before the Court is Defendants' Notice of Executive Order and Unopposed Motion to Vacate Hearing Date [Doc. 87]. Defendants request that the Court cancel next week's oral argument on Plaintiffs' Motion for Preliminary Injunction, which seeks to enjoin enforcement of the EEOC's Enforcement Guidance on Harassment in the Workplace. [*Id.*]. As grounds, Defendants point to President Trump's January 20, 2025, Executive Order, "Defending Women From Gender Ideology Extremism and Restoring Biological Truth to the Federal Government." [*Id.* at 2]. The Executive Order, among other things, directs the EEOC to rescind the Enforcement Guidance Plaintiffs challenge in this litigation. [*Id.*]. Defendants contend that this recent development renders oral argument unnecessary, and Plaintiffs do not oppose the request to cancel oral argument. [*Id.*; Doc. 88 at 1].

The Executive Order only obviates the need for oral argument to the extent it suggests that Plaintiffs' Motion for Preliminary Injunction is or may soon be moot. It is difficult to see how Plaintiffs could show a likelihood of irreparable harm were the Enforcement Guidance rescinded, particularly when Defendants represent that their position "is reflected in the President's Executive Order." [Doc. 87 at 2].

But Defendants' motion does not speak to mootness, or request a stay pending rescission of the Enforcement Guidance. That Plaintiffs do not oppose Defendants' request to cancel oral argument, however, causes the Court to question whether the motion remains live. If the issues presented by the motion remain in dispute, the Court intends to hear oral argument on the motion. If, on the other hand, there is no longer a legal basis for Plaintiffs' motion, Plaintiffs are obliged to withdraw it.

In their response to Defendants' motion, Plaintiffs suggest that their motion remains live and should be resolved "on the papers." [Doc. 88 at 1]. The Court has its doubts as to the accuracy of this assertion. Defendants' new position, as reflected in the Executive Order, appears to align closely, if not completely, with Plaintiffs' position regarding Title VII's protections. And the Executive Order's directive to rescind the Enforcement Guidance could call into question whether Plaintiffs face a credible threat of enforcement.

The parties have not had the opportunity to thoroughly address these issues of justiciability and subject matter jurisdiction. Because these issues could implicate the merits of Plaintiffs' Motion for Preliminary Injunction [Doc. 32] and the ability of the Court to issue a ruling, the Court deems it necessary to deny Plaintiffs' motion without prejudice and allow the parties to refile briefs that account for the changed legal landscape. If Plaintiffs still desire to seek injunctive relief, they must refile their motion within **21 days** of the entry of this order. Plaintiffs' renewed motion **SHALL** address any justiciability issues that arise from the Executive Order, and the parties are **ORDERED** to confer regarding the Executive Order's effect on this litigation in advance of any renewed motion being filed.

Given the obvious significance of the Executive Order to this litigation, the Court will cancel next week's oral argument for the time being. Defendants' Unopposed Motion to Vacate


2

Case 3:24-cv-00224-CEA-DCP   Document 89   Filed 01/23/25   Page 2 of 3   PageID #: 807

Hearing Date [Doc. 87] is therefore **GRANTED**, and the oral argument currently set for January 27, 2025, at 10:30 a.m. ET is **CANCELED**. Moreover, Plaintiffs' Motion for Preliminary Injunction [Doc. 32] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

*/s/ Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**